[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a habeas petition dated October 12, 1993, through which the petitioner claims that his present confinement is illegal. More specifically, the petitioner alleges by amended petition dated February 27, 1995 that the Commissioner of Corrections has improperly computed his sentences thereby unlawfully elongating his term of imprisonment. In reply, the respondent has averred that the Commissioner has properly calculated the petitioner's sentences and that he is in lawful confinement. At the request of the petitioner, this action was consolidated with a petition brought by this petitioner and docketed as CV 93 000 1782 on the basis that both petitions raise essentially identical issues. At the heart of the parties' dispute is the question of whether certain of the petitioner's sentences should be construed as concurrent with one another or consecutive to one another. Based on the evidence adduced at the evidentiary hearing on this matter, including the documentary evidence submitted during the hearing, the court makes the following findings and order.
The petitioner is currently an inmate in the custody of the Commissioner of Corrections.
On August 29, 1991, in Docket No. CR 91-61527 in the Superior Court, Judicial District of Fairfield, G.A. 2, the petitioner received a total effective sentence of ten years, suspended after serving three and one half years for the offenses of Robbery in the Second Degree in violation of Connecticut General Statutes § 53a-135 and Attempted Robbery in the Second Degree.
Subsequently, on April 26, 1993, in the Superior Court, Stamford/Norwalk Judicial District in Docket Numbers CR 93-0060381 and CR 93-0059964, the petitioner was sentenced to concurrent terms of five years on two counts of Robbery in the Third Degree in violation of C.G.S. § 53a-136, consecutive to the sentence he was then serving.
By operation of Connecticut General Statutes § 53a-38
(b)(2), the petitioner's aggregate term of confinement became eight and one half years as a result of adding his April 26, 1993 sentences to his previously imposed August 29, 1991 sentence.
On July 19, 1993, in Docket Numbers CR 84483, CR 83641, and CR 83386, in the Superior Court, Judicial District of Fairfield, G.A. 2, the petitioner was sentenced for the offenses of Robbery CT Page 7754 in the Third Degree in violation of C.G.S. § 53a-136, Attempted Burglary in the Third Degree in violation of C.G.S. §§ 53a-49 and 53a-103, and Escape in the First Degree in violation of C.G.S. § 53a-169 to a total effective sentence of four and one half years consecutive.
The petitioner claims that since the July 19, 1993 did not expressly state that it was intended to be consecutive to the April 26, 1993 sentence it should be construed as concurrent with that sentence and only consecutive to his sentence of August 29, 1991. To buttress his claim, the petitioner points to the transcript of his July 19, 1993 sentencing hearing during which Assistant State's Attorney Nicholas Bove reported to the court that the plea agreement was ". . . four and a half years consecutive to his present parole." Petitioner's Exhibit 1, Trial Transcript p. 7.[1]
The fallacy in the petitioner's argument is that the court, on July 19, 1993, did not state that its sentence was to run consecutively to the petitioner's August 29, 1991 sentence. The court stated as follows: "On the charge of robbery, Mr. Baldwin, it is the sentence of the Court that you be committed to the Commissioner of Corrections for a period of four and a half years consecutive. To the charge of escape it is the sentence of the Court that you be committed to the Commissioner of Corrections for a period of four and half years concurrent. The charge of burglary, attempted burglary, it is the sentence of the Court that you be committed to the Commissioner of Corrections for four and a half years concurrent. Total effective sentence four and a half years." Id at 12.
The court views the term "consecutive" as having a plain meaning. Since the court did not order the respondent's sentence to be consecutive to any particular sentence, it became consecutive to the sentence then being served by the petitioner.[2] As noted, the petitioner was then serving an aggregate sentence of eight and one half years. cf. C.G.S. §53a-38, McCarthy v. Commissioner, 217 Connecticut 568 (1991).
For the reasons stated, the petition is dismissed.
BISHOP, J.